IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PATRICIA CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. HEALTH CARE SUPPLY, LLC D/B/A GLOBAL HEALTHCARE MANAGEMENT, LLC, DBA OXFORD HEALTHCARE SUPPLY, LLC D/B/A ALL-AMERICAN MEDICAL SUPPLY CO., JOHN LETKO, JAMES LETKO, *and* EDWARD LETKO, *individually*,<br><br>Defendants. | Case No. 16-CV-9347-ZNQ-RLS |

### MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT UNDER SEAL

Relator Patricia Campbell, by and through her undersigned counsel, hereby respectfully moves the Court for permission to file her First Amended Complaint[1] in this matter under seal, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, 31 U.S.C. § 3730(b)(2), and Local Rule 5.3(a)(3).[2] This Motion is unopposed: Relator's counsel has conferred with counsel for the United States and represents that the Government does not oppose the Motion, and Defendants have not yet been served with the original Complaint and so have not yet appeared.

In support of the motion, Relator respectfully states as follows:

---

[1] Pursuant to Local Rule 5.3(c)(4), the First Amended Complaint and accompanying exhibits are provisionally filed under seal as Exhibit 1 and Exhibits 1-A through 1-O hereto, and a comparison to the Original Complaint is provisionally filed under seal as Exhibit 2.

[2] As the Court is aware, L.R. 5.3 sets out several requirements for a party that wants to restrict public access to a document under CM/ECF. Relator has not strictly followed all of those requirements, because L.R. 5.3(a)(3) specifies that the Rule "shall not apply to any materials … which must be sealed or redacted pursuant to statute or other law," which is exactly the crux of the instant Motion. Should the Court require strict adherence to L.R. 5.3 or to any other procedural rule, Relator will of course comply.

## Procedural Background

The original *qui tam* Complaint in this matter, which alleges fraud under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, was filed by Relator's original counsel on December 16, 2016 (Dkt. 1). It was filed under seal and *in camera*, and served on the U.S. Attorney General and the U.S. Attorney for the District of New Jersey, pursuant to 31 U.S.C. § 3730(b)(2). The U.S. Attorney investigated, and on March 23, 2022, filed a Notice of Election to Decline Intervention (Dkt. 11). On April 5, 2022, this Court ordered that the Original Complaint be unsealed and served (Dkt 12).

On June 16, 2022, Relator filed a Motion for Extension of Time in Which to Serve the Complaint (Dkt. 17). The Court granted the Motion on June 17, ordering that service be made on or before September 2, 2022 (Dkt. 18). In light of facts discovered and in lieu of such service, Relator now seeks leave under Fed. R. Civ. P. 15(a)(2) to file her First Amended Complaint (FAC). And because Relator proposes in the FAC to add new Defendants (and claims against those new Defendants), to add information regarding a related criminal matter and the guilty plea therein of Defendant James Letko, and to expand the temporal scope of the Original Complaint, Relator believes she is required by 31 U.S.C. § 3730(b)(2) and applicable caselaw to file the FAC under seal.

## Argument

### *Leave to Amend Should be Granted Under Fed. R. Civ. P. 15(a)(2).*

Fed. R. Civ. P. 15(a)(2) provides, as pertinent here, that "a party may amend its pleading only with … the court's leave," and that "[t]he court should freely give leave when justice so requires." As the Third Circuit has noted, "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d

Cir. 2006). "Among the grounds that could justify a denial of leave to amend are ... bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Relator here is not acting in bad faith or with dilatory motive; there can be no prejudice to Defendants, as they have not yet appeared in the case; and futility is not in question since the amendment is not offered to correct deficiencies identified in a motion to dismiss but is primarily intended to take into account factual changes due to the passage of time. Moreover, counsel for the United States, the real party in interest here, has informed Relator's counsel that the Government has no objection to the Motion. Given these circumstances, Relator respectfully suggests that leave to amend should be granted.

***Leave to File Under Seal Should be Granted Under 31 U.S.C. § 3730(b)(2)***

Section 3730(b)(2) of the False Claims Act mandates that "the complaint shall be filed in camera, shall remain under seal for 60 days, and shall not be served on the defendant until the Court so orders." Judge Hillman of this Court noted in a 2015 decision that "[t]he question of whether an *amended* complaint must be filed under seal in a *qui tam* FCA action has not been decided by our Circuit Court." *Flanagan v. Bahal*, No. 12-2216 (NLH/JS), 2015 U.S. Dist. LEXIS 171292, at *8 (D.N.J. Dec. 22, 2015) (emphasis added). Seven years later, this seems still to be true; Relator's counsel has found no Third Circuit decision on point.[3]

Other courts have recognized "that the policy behind the sealing requirement—allowing the government to investigate the claims and decide whether to intervene—is [also] implicated

---

[3] Indeed, Relator has not found a published decision from a district court in the Third Circuit that grapples with the question directly. In *Flanagan*, defendant argued that the amended complaint should be dismissed for having not been filed under seal. The Court responded with a procedural answer: "Because the Court's Order states that all materials filed after February 13, 2015 are not to be sealed, and the Amended Complaint was filed after that date on April 27, 2015, the Court need not decide which line of cases [i.e., to seal or not to seal] to apply." *Flanagan*, 2015 U.S. Dist. LEXIS 171292, at *10. *U.S. ex rel. Gohil v. Aventis, Inc.*, No. 02-2964, 2017 U.S. Dist. LEXIS 3236 (E.D. Pa. Jan. 9, 2017) is similarly unhelpful. *See id.*, at *8 (noting without explanation or elaboration the sealed filing of second amended complaint where both original and first amended complaints had already been unsealed).

when a relator amends a complaint to add completely new FCA claims. Courts have therefore required relators to abide by those requirements when filing an amended complaint that is not 'substantially similar' to the original complaint." *U.S. ex rel. Hagerty v. Cyberonics, Inc.*, 95 F. Supp. 3d 240, 262 (D. Mass. 2015) (citing *East Bay Mun. Util. Dist. v. Balfour Beatty Infrastructure, Inc.,* 2014 U.S. Dist. LEXIS 81004, 2014 WL 2611312, at *2-3 (N.D. Cal. June 11, 2014); *see also U.S. ex rel. Davis v. Prince,* 766 F. Supp. 2d 679, 684 (E.D. Va. 2011) (holding in *dicta* that a substantially different amended complaint must be filed under seal, but finding amended complaint at hand was not substantially different from original and so need not be sealed); *U.S. ex rel. McCurdy v. Gen. Dynamics Nat. Steel & Shipbuilding,* No. 07CV982 BTM (CAB), 2010 U.S. Dist. LEXIS 38760, 2010 WL 1608411, at *6 (S.D. Cal. Apr. 20, 2010) (acknowledging that a substantially different amended complaint should be filed under seal; finding the amended complaint at hand not substantially different, but then sealing it *sua sponte* out of "concern[] with the jurisdictional issues surrounding *qui tam* FCA actions").

It is also true that some courts have allowed the unsealed filing even of complaints that *do* add claims or defendants.[4] But the "substantially similar rule" is nevertheless widely followed – the more similar an amended complaint is to the original, the less likely a court will require that it be filed under seal.

The FAC in the instant matter clarifies the business relationships between (and the ownership of) the original corporate Defendants, and names additional corporate Defendants to reflect changes in the six years since the original Complaint was filed. The claims against these

---

[4] *See, e.g., U.S. ex rel. Dittman v. Adventist Health Sys./Sunbelt, Inc*., No. 6:10-cv-1062-Orl-28GJK, 2013 U.S. Dist. LEXIS 22234, 2013 WL 615820 (M.D. Fla. Feb. 19, 2013) (adding claim); *U.S. ex rel. Stewart v. Altech Servs*., Inc., No. CV-07-0213-LRS, 2010 U.S. Dist. LEXIS 122385, 2010 WL 4806829 (E.D. Wash. Nov. 18, 2010) (same); *U.S. ex rel. King v. F.E. Moran, Inc*., No. 00 C 3877, 2002 U.S. Dist. LEXIS 16277, 2002 WL 2003219 (N.D. Ill. Aug. 29, 2002) (same); *Wisz ex rel. U.S. v. C/HCA Dev., Inc.,* 31 F. Supp. 2d 1068 (N.D. Ill. 1998) (adding defendant)*; U.S. ex rel. Milam v. Regents of Univ. of Cal.,* 912 F. Supp. 868 (D. Md. 1995) (same).

newly named Defendants are at least in that sense "new claims," despite their similarity to the claims against the original Defendants. The FAC also includes new information about a criminal case,[5] filed in the Eastern District of Michigan after the filing of the Original Complaint in this matter, in which Defendant James Letko has now pled guilty to allegations very similar to those made here. And finally, the FAC also expands the temporal scope of the Original Complaint. Given these differences, Relator submits that whether the FAC is "substantially similar" to the original is something of a close call. However, to err on the side of caution and to allow the government ample time to review the FAC, Relator respectfully requests leave to file the FAC under seal. *Cf. U.S. ex rel. McCurdy*, 2010 U.S. Dist. LEXIS 38760, at *6.

## Conclusion

For the reasons stated herein, Relator respectfully requests (1) that she be given leave to file her First Amended Complaint under seal and to serve a copy on the Government, and (2) that the Government be given at least 60 days from service to notify the Court whether it intends to intervene, with extensions of that time as the Government may request and the Court may allow.

A proposed order is attached.

Dated: August 30, 2022                                          Respectfully submitted,

**BROWN, LLC**

*/s/ Jason T. Brown*
Jason T. Brown (NJ Bar No. 35921996)
Patrick S. Almonrode
(877) 561-0000 (office)
(855) 582-5297 (fax)
*jtb@jtblawgroup.com*
*patalmonrode@jtblawgroup.com*

*Attorneys for Relator Patricia Campbell*

---

[5] 2:19-cr-20652 (E.D. Mich.).